IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-170-1H
No. 5:15-CV-474-1H

CADARYE LOVONZO JORDAN, II,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on the government's motion to dismiss, [DE #90], petitioner's motion to vacate under 28 U.S.C. § 2255, [DE #84]. Petitioner has not filed a response, the deadline for a response has expired, and this matter is ripe for adjudication.

## BACKGROUND

On June 9, 2014, petitioner pled guilty[1] pursuant to a written plea agreement, containing an appeal waiver, to possession with the intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Two) and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). [DE #74].

---

[1] This plea of guilty pursuant to a plea agreement occurred at a change of plea hearing on June 9, 2014. At that hearing, the court set aside petitioner's prior guilty plea to Counts One and Two and not guilty plea to Count Three, which had been entered at a prior arraignment on May 12, 2014.

Following preparation of the Presentence Investigation Report (PSR), the base offense level and adjusted offense level were calculated to be 16. [DE #76 PSR ¶¶52, 57]. A three-level reduction for acceptance of responsibility was applied pursuant to petitioner's assistance in the investigation and timely notifying authorities of his intent to enter a guilty plea, and the total offense level was 13. Petitioner's criminal history category was III. Petitioner did not make any written objections to the PSR.

At sentencing on September 10, 2014, Petitioner's counts of conviction included a statutory maximum term of imprisonment of five years for Count Two and a statutory minimum of five years for Count Three. [DE #76 ¶62]. This court sentenced petitioner to 15 months as to Count Two, and 60 months as to Count Three to run consecutively, for a total term of imprisonment of 75 months.

Petitioner did not appeal, but timely filed this motion to vacate on September 14, 2015, raising two ineffective assistance of counsel claims alleging (1) counsel failed to notify petitioner regarding an unsuccessful motion to suppress and (2) counsel rendered ineffective assistance "by allowing a sentence that conflict[s] with applicable standards and is a miscarriage of justice, inter alia, failing to communicate true nature and properly advise this movant upon the nature of applicable appellant issues." [DE #84 at 4-5]. Petitioner also brought two claims for

2

selective prosecution and vindictive prosecution. [DE #84 at 7-8].

The court has carefully reviewed petitioner's motion and the government's motion to dismiss and supporting memorandum.[2] The court finds the government's motion and memorandum are well reasoned and proper in this matter. For the reasons stated in the government's memorandum, the court finds petitioner has failed to state a claim upon which relief may be granted, specifically that he has failed to state a claim for ineffective assistance of counsel. Therefore, the § 2255 motion fails.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #90], is GRANTED. Petitioner's motion, [DE #84], is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003);

---

[2] The Clerk issued a Rule 12 Letter informing petitioner of his right to respond by August 31, 2016, the expiration of the twenty-one day deadline beginning on the date of service of the government's motion. Petitioner did not respond and has made no further filings in this matter.

3

Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 9th day of January 2018.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35

4